IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-252-BO-BM

| | |
|---|---|
| ASMAA HASHEM, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| PARK COMMUNICATIONS, LLC D/B/A MILLENNIUM PRINT GROUP REAL TIME STAFFING SERVICES, LLC D/B/A RESOURCE MFG, | ) |
| Defendants. | ) |

This matter is before the court on the motion [DE-24], with memorandum in support thereof [DE-25], by defendant Park Communications, LLC d/b/a Millennium Print Group ("MPG") to stay deadlines, including discovery, mediation, and all other proceedings in this case until fourteen (14) days after the court's resolution of MPG's motion to dismiss [DE-7] and defendant Real Time Staffing Services LLC d/b/a Resource MFG's ("Resource MFG") partial motion to dismiss [DE-11]. Counsel for MPG provides that counsel for Resource MFG supports the motion to stay, and counsel for plaintiff opposes it. *See* [DE-24] at 1. Plaintiff did not file a response to the motion to stay, and the time within which to do so has expired.

"[W]hether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket." *Westfield Ins. Co. v. Weaver Cooke Constr., LLC*, No. 4:15-CV-169-BR, 2017 WL 818260, at *2 (E.D.N.C. Mar. 1, 2017) (citation omitted). "The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions." *Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460-FL, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019) (citing *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. 2004), *cert. denied*, 543 U.S.

819 (2004)).

In exercising its judgment, the court must weigh the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (quoting *Tilley*, 270 F. Supp. 2d at 735). Here, a balancing of the relevant factors articulated in *Yongo* weigh in favor of granting the motion to stay. Most saliently, MPG's motion to dismiss, if granted, would dispose of many or all claims in this case against MPG, and the issues raised in MGP's motion to dismiss will not benefit from discovery.

For good cause shown by the reasons stated in the motion, MPG's motion to stay [DE-24] is GRANTED. It is therefore ORDERED that the deadlines in this matter (*see* [DE-21]), including discovery deadlines, are STAYED until the court rules on defendant MPG's motion to dismiss [DE-7] and defendant Resource MFG's partial motion to dismiss [DE-11]. Unless otherwise ordered by the court, within 14 days of the court's ruling on the pending motion to dismiss [DE-7] and the partial motion to dismiss [DE-11], all parties in this case are DIRECTED to file a joint status report, including the position(s) of the parties regarding further scheduling in this matter.

SO ORDERED, this 28th day of October, 2025.

_____
Brian S. Meyers
United States Magistrate Judge